IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
ROCKINGHAM DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) CIVIL ACTION NO. |
| Plaintiff, | )<br>) |
| v. | ) **C O M P L A I N T**<br>) |
| CENTURY CARE OF LAURINBURG, INC. D/B/A SCOTTISH PINES REHABILITATION & NURSING CENTER, | ) **JURY TRIAL DEMAND**<br>)<br>)<br>) |
| Defendant. | ) |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex (female/pregnancy), and to provide appropriate relief to Mary Jacobs and Laketa Watts, who were affected by such unlawful practices. As alleged with greater particularity below, the Equal Employment Opportunity Commission alleges that Century Care of Laurinburg, Inc. ("Defendant") subjected Jacobs and Watts to disparate treatment in violation of Title VII by refusing to accommodate their pregnancy-related restrictions, while accommodating other non-pregnant employees who were similar in their ability or inability to work. Because Respondent refused to accommodate Jacobs and Watts, both were involuntarily placed on unpaid leave and/or terminated in violation of Title VII.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Middle District of North Carolina.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant, a North Carolina corporation, has continuously been doing business in the State of North Carolina and the City of Laurinburg, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Mary Jacobs filed a charge with the Commission alleging violations of Title VII by Defendant.

7. More than thirty days prior to the institution of this lawsuit, Laketa Watts filed a charge with the Commission alleging violations of Title VII by Defendant.

8. On or about February 16, 2017, the Commission issued to Defendant a Letter of Determination on Jacobs' charge, finding reasonable cause to believe that Title VII was violated

and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. On or about February 16, 2017, the Commission issued to Defendant a Letter of Determination on Watts' charge, finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

10. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Jacobs and Watts Letters of Determination.

11. On or about August 29, 2017, the Commission issued to Defendant a Notice of Failure of Conciliation on Jacobs' charge, advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12. On or about August 29, 2017, the Commission issued to Defendant a Notice of Failure of Conciliation on Watts' charge, advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

14. Since at least November 2014, Defendant has engaged in unlawful employment practices at its Laurinburg, North Carolina facility in violation of Section 703(a) of Title VII, 42 U.S.C. 2000(e)-2(a), by refusing to accommodate the work restrictions of pregnant employees while accommodating the work restrictions of non-pregnant employees similar in their ability or inability to work.

15. At all times relevant, Defendant has had and continues to have a policy or practice which only applies to employees who have sustained on the job accidents or injuries. Under the policy or practice, certain assigned tasks determined by a treating physician may be available to employees with work-related injuries or illnesses. Certified Nursing Assistants who are injured on the job may be provided light or transitional duty or other job modifications under Defendant's policy or practice.

16. At all times relevant, Defendant failed to offer light duty or transitional duty to employees with pregnancy-related restrictions.

17. At all times relevant, Defendant had mechanical lifting devices available for employees, including Certified Nursing Assistants, to lift patients. Defendant did not prohibit staff, including Certified Nursing Assistants, from requesting assistance from co-workers to manually lift patients as needed.

*Charging Party Mary Jacobs*

18. Jacobs began employment with Defendant as a Certified Nursing Assistant (CNA) on or about January 3, 2013.

19. On or about November 24, 2014, Jacobs notified Defendant's Administrator of her pregnancy and her doctor's restriction that she not "pull, lift or push more than fifty pounds."

20. The Administrator told Jacobs that Defendant only offered accommodations or job modifications to employees injured on the job.

21. Jacobs requested that she be allowed to continue working but only be required to work with smaller residents whom she would not have trouble positioning or lifting. The Administrator rejected this request stating that Jacobs must be able to lift all residents.

22. The Administrator also expressed concern about liability if Defendant allowed Jacobs to work within her restrictions and Jacobs or her unborn child were injured.

23. Defendant refused to accommodate Jacobs, and rather placed Jacobs on unpaid leave.

24. On or about February 18, 2015, Defendant terminated Jacobs' employment upon the expiration of the leave period. Defendant terminated Jacobs' employment because Jacobs could not return to work without pregnancy-related restrictions during or at the end of the leave period, and Defendant refused to accommodate those restrictions.

25. The effect of the practices complained of above has been to deprive Jacobs of equal employment opportunities and otherwise adversely affect her status as an employee because of sex, female/pregnancy.

26. The unlawful employment practices complained of above were intentional.

27. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Jacobs.

*Charging Party Laketa Watts*

28. In or around February 2, 2015, Laketa Watts began employment for Defendant as a Certified Nursing Assistant.

29. In or around November 2015, Watts notified Defendant that she was pregnant.

30. On or about December 4, 2015, Watts notified Defendant that her medical provider had imposed certain pregnancy-related work restrictions including a 20-pound lifting restriction.

31. Watts worked her entire shift or nearly her entire shift on December 4, 5, and 6, 2015. On those days, Watts performed routine tasks such as making beds, dressing residents,

and documenting services. Watts additionally bathed patients who were transported and positioned by other staff.

32. On or about December 7, 2015, Defendant's then-Interim Executive Director notified Watts that Defendant would not permit her to work until Watts' doctor revoked the work restrictions.

33. When Watts informed Defendant that the restrictions could not be withdrawn, Defendant terminated Watts' employment. Defendant terminated Watts' employment because Watts was pregnant and had work restrictions, and Defendant refused to accommodate those work restrictions.

34. The Interim Executive Director told Watts she could reapply for work after her pregnancy ended.

35. The effect of the practices complained of above has been to deprive Watts of equal employment opportunities and otherwise adversely affect their status as an employee because of her sex, female/pregnancy.

36. The unlawful employment practices complained of above were intentional.

37. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Watts.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against individuals based on sex and specifically based on pregnancy or

pregnancy-related conditions, including routinely denying pregnant women with work-restrictions the opportunity to work.

B.	Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for pregnant employees, including employees with pregnancy-related restrictions, including offering light duty or transitional duty or other job accommodations, and which eradicate the effects of its past and present unlawful employment practices.

C.	Order Defendant to make Mary Jacobs and Laketa Watts whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rehiring Jacobs and Watts, or providing front pay in lieu thereof.

D.	Order Defendant to make Mary Jacobs and Laketa Watts whole by providing appropriate compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E.	Order Defendant to make Jacobs and Watts whole by providing appropriate compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of aboce including emotional suffering, inconvenience, humiliation, pain, loss of enjoyment of life, loss of civil rights, and other non-pecuniary losses, in amounts to be determined at trial.

F.	Order Defendant to pay Jacobs and Watts punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G.	Grant such further relief as the Court deems necessary and proper in the public interest.

H.      Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

This 7th day of March, 2018.

                                  EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

                                  JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
Equal Employment Opportunity Commission
131 M Street, NE
Washington, D.C. 20507

LYNETTE A. BARNES
Regional Attorney
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone: (704) 954-6462
Facsimile: (704) 954-6412


**/s/** *Ylda Marisol Kopka* _____
YLDA MARISOL KOPKA (Il Bar No. 6286627)
Supervisory Trial Attorney
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina  28202
Tel: (704) 954-6470
Fax: (704) 954-6412
ylda.kopka@eeoc.gov

**ATTORNEY FOR PLAINTIFF**