EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
                                       )
             Plaintiff, )
                                       )
              v. )            1:18-CV-170
                                         )
CENTURY CARE OF LAURINBURG, INC. )
dba SCOTTISH PINES REHABILITATION )
& NURSING CENTER, )
                                       )
           Defendant. )

## CONSENT DECREE

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleged Century Care of Laurinburg, Inc. d/b/a Scottish Pines Rehabilitation & Nursing Center (the "Defendant") violated Title VII by refusing to provide transitional duty to Mary Jacobs and Laketa Watts ("Charging Parties") based upon their medically imposed pregnancy-related work restrictions while Defendant accommodated the work restrictions of employees injured on the job who were similar in their ability or inability to work. Further, the Commission's complaint alleged that Defendant violated Title VII when it terminated the employment of the Charging Parties based upon their pregnancy-related work restrictions.

1

Defendant denies the allegations. Likewise, the Commission does not disavow the allegations. The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, or delay of further litigation.

The Commission, and the Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

It is therefore the finding of this Court that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Consent Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 19 below.

It is therefore **ORDERED, ADJUDGED AND DECREED** as follows:

1.      Defendant shall not discriminate against any female on the basis of sex (pregnancy) in violation of Title VII by:

(a) Terminating her employment because of pregnancy;

(b) Placing her on involuntary leave because of pregnancy;

(c) Requiring her to resign in lieu of termination because of her pregnancy; or

(d) Not providing the same opportunities and benefits to pregnant employees as provided to non-pregnant employees who are similar in their ability or inability to work.

2.      Defendant shall pay Mary J. Jacobs ("Jacobs") the sum of fifteen thousand dollars ($15,000) in settlement of the claims raised in this action.  Defendant shall make payment by issuing a check payable to Mary J. Jacobs.  Payment shall be made within

2

fifteen (15) calendar days after the Court approves this Consent Decree, and Defendant shall mail the check to Jacobs at an address provided by the Commission. Within ten (10) business days after the check has been sent, Defendant shall send to the Commission a copy of the check and proof of its delivery to Jacobs. Neither the Commission nor Defendant make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Jacobs may or may not incur on such payments under local, state and/or federal law.

3.      Defendant shall pay Laketa Watts ("Watts") the sum of fifteen thousand dollars ($15,000) in settlement of the claims raised in this action. Defendant shall make payment by issuing a check payable to Laketa Watts. Payment shall be made within fifteen (15) calendar days after the Court approves this Consent Decree, and Defendant shall mail the check to Watts at an address provided by the Commission. Within ten (10) business days after the check has been sent, Defendant shall send to the Commission a copy of the check and proof of its delivery to Watts. Neither the Commission nor Defendant make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Jacobs may or may not incur on such payments under local, state and/or federal law.

4.      Within ten (10) business days of the entry of this Consent Decree by the Court, Defendant shall eliminate from the personnel files of Jacobs and Watts any and all documents, entries, or references of any kind that reflect the filing of EEOC Charge Number 430-2015-00451 or EEOC Charge Number 430-2016-00649, and the related

3

events that occurred thereafter, including this litigation. Nothing in this paragraph shall prohibit Defendant from storing documents reflecting the EEOC Charges and this litigation in a confidential file maintained separately from Defendant's personnel files. Within fifteen (15) business days of the entry of this Consent Decree by the Court, Defendant shall report compliance with this provision to the Commission.

5.    Defendant shall provide Jacobs and Watts with a neutral letter of reference using the form attached hereto as Exhibit A. Within ten (10) business days of the entry of this Consent Decree by the Court, the original, signed letter pertaining to Jacobs shall be provided to her at an address provided by the Commission. Likewise, within ten (10) business days of the entry of this Consent Decree by the Court, the original, signed letter pertaining to Watts shall be provided to her at an address provided by the Commission. Jacobs and Watts are free to disseminate their respective letters to potential employers. Defendant agrees that if it receives any inquiry about Watts or Jacobs from a potential employer, it will provide only the information set forth in the letter of reference in response.

6.    Defendant has in place an Equal Employment Opportunity policy which, among other anti-discrimination provisions, prohibits discrimination based upon gender. Defendant shall maintain this policy throughout the term of this Consent Decree. Within thirty (30) calendar days of the entry of this Consent Decree by the Court, Defendant shall redistribute this policy to all current employees. Within forty-five (45) calendar days of the entry of this Decree, Defendant shall report compliance to the Commission. During

4

the term of this Consent Decree, Defendant shall distribute this policy to all new employees upon hire.

7.      Within thirty (30) calendar days of the entry of this Consent Decree by the Court, Defendant shall adopt an Equal Employment Opportunity policy which prohibits discrimination based upon sex and pregnancy, including childbirth and related medical conditions. Within forty-five (45) calendar days of the entry of this Consent Decree by the Court, Defendant shall distribute this policy to all current employees.  Within sixty (60) calendar days of the entry of this Decree, Defendant shall report compliance to the Commission.  During the term of this Consent Decree, Defendant shall distribute this policy to all new employees upon hire.

8.      Within thirty (30) calendar days of the entry of this Consent Decree by the Court, Defendant shall adopt and implement a formal written policy, which shall include but not be limited to the following: a statement that women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes as other persons not so affected but similar in their ability or inability to work, including but not limited to providing modified duty.  Defendant shall maintain this policy throughout the term of this Consent Decree. Within forty-five (45) calendar days of the entry of this Consent Decree by the Court, Defendant shall distribute this policy to all current employees.  Within sixty (60) calendar days of the entry of this decree, Defendant shall report compliance to the Commission.  During the term of this Consent Decree, Defendant shall distribute this policy to all new employees upon hire.

5

9.     During the term of this Consent Decree, Defendant shall post a copy of the policies described in paragraphs 6, 7 and 8, *supra*, in a place where they are visible to employees.  If a posted policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of that policy. Within forty-five (45) calendar days after the Consent Decree is entered, Defendant will post the policies described in paragraphs 6, 7 and 8, *supra,* and notify the Commission within sixty (60) calendar days that the policies have been posted.

10.     During the term of this Consent Decree, Defendant shall provide an annual training program to all of its managers and supervisors.  The training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964, specifically, its requirement that employers not take adverse employment actions against an employee based on her pregnancy.  The training program shall also include an explanation of Defendant's policy referenced in paragraph 8 above, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed within one hundred (100) calendar days after entry of this Consent Decree by the Court. Each subsequent training program shall be conducted at approximately one year intervals after the initial training program. At least fifteen (15) business days prior to each program, Defendant shall submit to the Commission an agenda for the training program by electronic mail sent to EEOC-CTDO-decree-monitoring@eeoc.gov.  Defendant should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) business days of

6

submission of the agenda. Within ten (10) business days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

11.     Beginning within thirty (30) calendar days after the entry of this Consent Decree by the Court, and continuing throughout the term of this Consent Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit B, hereby made a part of this Consent Decree, in a place where it is visible to employees. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) calendar days after entry of this Consent Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

12.     During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Consent Decree. The reports will include the following information:

    A.     the identities of all employees who have sought modified duty based upon medically imposed, pregnancy-related work restrictions;

    B.     for each individual identified in 12.A above who sought modified duty, a statement regarding the basis for the modified duty request, whether modified duty was granted, and the nature and duration of any job modifications that were made;

    C.     for each individual identified in 12.A. above, if modified duty was denied provide the reason for the denial, and state whether the individual was demoted, discharged, or had her work hours reduced following the denial;

7

D.	identify all non-pregnant employees who sought and/or were otherwise provided modified duty and provide a statement regarding the basis for the modified duty request, whether modified duty was granted, the nature and duration of any job modifications that were made, and if the modification was denied provide the reason for the denial.

Defendant shall, through encrypted or other means best calculated to protect the individual's identity, provide to a representative designated by the Commission the social security number of an individual identified in response to 12.A. within five (5) days of a request by the Commission. In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

13.	The Commission may review compliance with this Consent Decree. As part of such review, the Commission may inspect Defendant's facilities, interview employees and examine and copy documents.

14.	If at anytime during the term of this Consent Decree, the Commission believes that Defendant is in violation of the Consent Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have thirty (30) calendar days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of fourteen (14) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

15.	The term of this Consent Decree shall be for thirty (30) months from its entry by the Court.

16.	All notices to Defendant by the Commission pursuant to this Consent Decree shall be sent by electronic mail to: Robert Gilliam, President of Century Care Management, Inc., at bob.gilliam@century-care.com. If at any time during the term of this Consent Decree Defendant's designated point of contact changes, Defendant shall notify the Commission and provide the name, job title, and electronic mail address for a new designated point of contact within ten (10) business days of the change.

17.	All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-CTDO-decree-monitoring@eeoc.gov; or (2) if by regular mail to - Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 West Trade Street, Suite 400, Charlotte, NC  28202.

18.	Each party shall bear its own costs and attorney's fees.

19.	This Court shall retain jurisdiction of this case for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

This the 13th day of December, 2019.


_____
UNITED STATES DISTRICT COURT

The parties jointly request that the Court approve and enter the Consent Decree:

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff**

SHARON FAST GUSTAFSON
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

s/ Lynette A. Barnes
LYNETTE A. BARNES
(NC Bar No. 19732)
Regional Attorney
129 West Trade Street, Suite 400
Charlotte, NC 28202
E-mail: lynette.barnes@eeoc.gov


s/ Ylda M. Kopka
YLDA MARISOL KOPKA
(IL Bar No. 6286627)
Supervisory Trial Attorney
129 West Trade Street, Suite 400
Charlotte, NC 28202
Tel: (704) 954-6470
Fax: (704) 954-6412
E-mail: ylda.kopka@eeoc.gov


**ATTORNEYS FOR PLAINTIFF**

**CENTURY CARE OF LAURINBURG, INC. d/b/a SCOTTISH PINES NURSING & REHABILITATION CENTER Defendant**

s/ Denise Smith Cline
DENISE SMITH CLINE
NC Bar #010837
Law Offices of Denise Smith Cline, PLLC
16 N. Boylan Avenue
Raleigh, N. C. 27603
Telephone: (919) 926-0734
Facsimile: (980) 255-6189
denise@dsclinelaw.com


s/ Shannon Joseph
SHANNON JOSEPH
N.C. Bar No. 22144
Morningstar Law Group
421 Fayetteville Street | Suite 530 |Raleigh, NC 27601
Telephone :  919.590.0360 |

**ATTORNEYS  FOR DEFENDANT**

10

[Defendant's Letterhead]

[Date]

To Whom it May Concern:


_____ was employed by Century Care of Laurinburg, Inc. dba Scottish Pines Rehabilitation & Nursing Center as a Certified Nursing Assistant between _____ and _____. Her rate of pay was $_____ per hour.

We hope that you find this information about Ms. _____ helpful to you as you consider her for employment.

Sincerely,


[Name]
[Title]

11

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
1:18-CV-170

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | **EMPLOYEE NOTICE** |
| v. | ) ) | |
| CENTURY CARE OF LAURINBURG, INC. dba SCOTTISH PINES REHABILITATION & NURSING CENTER, | ) ) ) ) | |
| Defendant. | ) ) | |

1. This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and Century Care of Laurinburg, Inc. dba Scottish Pines Rehabilitation & Nursing Center ("Century Care") in a case of alleged discrimination based on sex. Specifically, the U.S. Equal Employment Opportunity Commission alleged Century Care discriminated against Mary Jacobs and Laketa Watts by discharging them from employment based upon pregnancy-related work restrictions in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). As part of the settlement, Century Care agreed to pay monetary damages to Ms. Jacobs and Ms. Watts, and to take other actions set out in the Consent Decree resolving this matter.

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older), disability, or genetic information. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony or assistance in or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the U.S. Equal Employment Opportunity Commission.

3. Century Care will comply with such federal law in all respects. Furthermore, Century Care will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U.S. Equal Employment Opportunity Commission.

12

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace.  An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination.  To locate the nearest field office, contact:

Equal Employment Opportunity Commission
131 M. Street, N.E.
Washington, DC 20507
TEL: 1-800-669-4000 and TTY: 1-800-669-6820

This Notice will remain posted for at least 30 months by agreement with the U.S. Equal Employment Opportunity Commission.

DO NOT REMOVE THIS NOTICE UNTIL:  June 13, 2022.

13